## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT LOUISVILLE
## CIVIL ACTION NO. 3:10CV-762-S

**JERRI LEIGH JACKSON**                                                                PLAINTIFF

v.

**NORTON HOSPITAL** *et al.*                                                          DEFENDANTS

### MEMORANDUM OPINION

Acting without the assistance of counsel, Plaintiff Jerri Leigh Jackson filed the above-styled action against Norton Hospital and the Louisville EEOC Area Office ("EEOC"). According to Jackson's complaint, she tried to apply for a position(s) with Norton Hospital, but was discriminated and retaliated against due to her disability. She alleges that Defendant EEOC wrongly handled her administrative complaints about the discrimination. Along with her complaint, Jackson also filed a motion to proceed *in forma pauperis*. That motion was previously granted by the Court in a separate Order.

Under 28 U.S.C. § 1915(e), which governs *in forma pauperis* proceedings, the Court has a mandatory duty to screen Jackson's complaint before service on Defendants. *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). Upon review under § 1915(e), a district court must dismiss an action that it finds to be frivolous or malicious or that fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B). For the reasons set forth below, on initial review, the Court will dismiss Jackson's complaint for failure to state a claim and as frivolous.

### I. Standard of Review

A *pro se* complaint should be held to a "less stringent standard" than one drafted by an

attorney. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even a *pro se* complaint, however, must plead facts sufficient to show a legal wrong has been committed for which the plaintiff may be granted relief.

Federal Rule of Civil Procedure 8(a)(2) states that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although Rule 8 is fairly liberal in its requirements, "it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft v. Iqbal*, -- U.S.--, 129 S. Ct. 1937, 1950 (2009). While Rule 8 does not require a plaintiff to include every minute detail that makes up her claim, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Id.* at 1949.

"A plaintiff's obligation to provide the 'grounds' of her 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1950 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* Second, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* The first step requires the Court to identify allegations that "because they are no more than [legal] conclusions, are not entitled to the assumption of truth." *Id.* The Court is then left with factual allegations. The Court must presume the factual allegations are true, but its inquiry does not end at this point. The Court must go one step further and determine whether the facts state a claim that is plausible. "Plausibility requires showing more than the 'sheer possibility' of relief but less than a 'probab[le]' entitlement to relief." *Fabian v. Fulmer Helmets, Inc.*, 628 F.3d 278, 280 (6th Cir.

2010) (quoting *Iqbal*, 129 S. Ct. at 1949). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S. Ct. at 1949.

"Whether a complaint is factually frivolous under §§ 1915A(b)(1) and 1915(e)(2)(B)(i) is a separate issue from whether it fails to state a claim for relief." *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010). "The *in forma pauperis* statute, unlike Rule 12(b)(6), 'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.' 'Examples of the latter class,' we said, 'are claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar.'" *Denton*, 504 U.S. at 32 (internal quotation omitted). "A finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* at 33.

**II. Jackson's complaint**

Jackson handwrote her complaint on a court-supplied general complaint form. The complaint is neither easy to read nor to follow. Nevertheless, the Court has done its best to distill Jackson's intent. The best the Court can tell, it appears that Jackson attempted to or did apply for employment at Norton but was not hired. She states "they called security on me and threw me out as they assisted me on their hospital computer." She says the employees at Norton made fun of her body odor and "disability."

Jackson attaches pages and pages of exhibits to her complaint. She wrote page numbers

3

on the exhibits, but did not cite to them in the body of her complaint. The exhibits are not organized in any logical way that the Court has been able to decipher.[1] Many of the exhibits contain handwritten and highlighted notes. The notes purport to explain how the documents relate to Jackson's claims. For example,

Exhibit 2b9 is a 1998 letter from Central State Hospital to the Department of Employment Services–Division of Unemployment Appeals Branch–regarding Jackson's status as a patient. There is no indication that the letter was ever sent to or received by anyone at Norton. Yet, Jackson has placed a handwritten note on the letter stating "Norton ridicules 'institutionalized' and 'mental patient' and uses it as a pretext for discriminatory discharge."

Exhibit 2c1 contains copies of various attorneys' business cards. Jackson has drawn lines and arrows from card to card indicating that the attorneys are "family." She has placed a handwritten note on the page stating "Norton, Kentucky ARC and KY EEOC use relatives as weaponery with and to Jackson. Why?"

Exhibit 2c2 is a December 15, 2009, letter from Seven Counties stating that Jackson was a client. At the bottom of the letter, Jackson states "KY EEOC and KY HRC and Norton knew of traumatized state confirmed by Seven Counties as they jewed and screwed Jackson around the corridors."

Exhibit 2d4 is a type-written medical note dated May 8, 1998, from Central State Hospital. At the bottom of the note, Jackson writes "Cameras networked by Norton HR

---

[1] The Court has done its best to wade through Jackson's exhibits in an attempt to better understand her complaint. The Court notes, however, that it is not required to analyze the exhibits in an effort to construct a claim for Jackson. *See Olayemi Dele Jinadu v. Fitzgerald,* No. 99-4259, 2000 U.S. App. LEXIS 23650, at *3-4 (6th Cir. Sept. 15, 2000) ("The district court's duty to construe Jinadu's *pro se* pleadings liberally did not obligate it to analyze attachments to Jinadu's complaint in order to speculate about the claims Jinadu may be attempting to bring.").

personnel and security guards that Jackson's illness was laughable as they could do to Jackson what they wanted to do to her and there was nothing she could do about it. Central State Hospital had their way with her networked by Norton employees who knew about it."

Jackson is seeking a myriad of different forms of relief including: one billion dollars; a furnished waterfront condominium with all utilities paid; computer classes; $125,000.00 in life insurance; a $125,000 retirement account; a prepaid, interest-bearing funeral account funded with one billion dollars; a Christmas and a vacation club each with $125,000.00; ten round-trip tour bus trips to various places in North America; and funding of one billion dollars a year to pay for a masters degree and a PhD for a total of twelve years.

### III. Analysis

**A.     Norton**

Pursuant to 42 U.S.C. § 12112 of the ADA, a covered entity shall not "discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms,

conditions, and privileges of employment." A disability is defined as "a physical or mental impairment that substantially limits one or more major life activities of such individual; a record of such an impairment; or being regarded as having such an impairment." 42 U.S.C. § 12102.

To establish a prima facie case of discrimination under the Americans with Disabilities Act (ADA), "a plaintiff must show (1) that she is an individual with a disability; (2) who was otherwise qualified to perform a job's requirements, with or without reasonable accommodation;

5

(3) who suffered an adverse employment action; (4) the employer knew or had reasons to know of her disability; and (5) a non-disabled person was given the position." *Nance v. Goodyear Tire & Rubber Co.*, 527 F.3d 539, 553 (6th Cir. 2008) (citing *Monette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1186 (6th Cir. 1996)).

Jackson's allegations of employment discrimination fail under *Iqbal*. She alleges that she is disabled; however, this is merely a legal conclusion that the Court is not required to accept as true. The body of Jackson's complaint is devoid of any factual assertions explaining how her disabilities limit her major life activities. Additionally, while she alleges that Defendant Norton failed to hire her because of her disability (or its perception thereof), she has not adequately identified the job she was applying for in her complaint, explained why she was qualified to perform it, nor alleged that Norton ultimately hired a non-disabled person for the position. Likewise, she has wholly failed to allege any facts that establish that she was not given the position because of a disability. Her complaint is devoid any set of conceivable facts that suggest a plausible claim to relief. It is comprised simply of the type of speculative conjecture that the Supreme Court has held a court need not accept as true on initial review.

Likewise, Jackson has failed to allege any facts that would show that Norton obtained and wrongfully used her genetic information to deny her employment.

Additionally, after carefully reviewing Jackson's allegations as described above and considering her complaint as a whole, the Court concludes that the facts she alleges present a fantastic and delusional scenario in which personnel that she encountered at Norton knew exactly who she was and many significant details of her life for the past two decades. The allegations made by Jackson are the type of claims which should be subject to dismissal because

6

they rise to the level of the irrational and the paranoid. *See Prewitt v. United States Postal Serv.*, 754 F.2d 641, 641 (5th Cir. 1985) ("[W]e stand at the gate of the realms of fantasy. We decline to enter in.").

**B.     EEOC**

Jackson's allegations against the EEOC stem from her belief that it improperly handled her employment discrimination claims against Norton. "There is no private cause of action for the improper investigation or processing of a discrimination charge." *Reed v. EEOC*, No. 96-1275, 1996 U.S. App. LEXIS 29032 (6th Cir. Oct. 30, 1996) (citing *Scheerer v. Rose State College*, 950 F.2d 661, 663 (10th Cir. 1991)); *Gillis v. United States Dep't of Health and Human Servs.*, 759 F.2d 565, 574 (6th Cir. 1985); *McCottrell v. EEOC*, 726 F.2d 350, 351 (7th Cir. 1984). "When the EEOC fails to act, delays, or errs in its processing of a complaint, the complainant's remedy, as provided by statute, is to bring a *de novo* lawsuit against his employer in the district court." *Verboom v. Dep't of Defense*, No. 93-3005, 1993 U.S. App. LEXIS 20221, at *3-4 (6th Cir. Aug. 5, 1993) (citing *Occidental Life Ins. Co. v. EEOC*, 432 U.S. 355, 365-66 (1977)); *see, e.g., Rhoades v. Ohio Civil Rights Comm'n*, No. 1:07 CV 0802, 2007 U.S. Dist. LEXIS45523 (N.D. Ohio June 22, 2007) (holding that plaintiff could neither maintain a claim against the EEOC nor the Ohio Civil Rights Commission for any breach of its duty to investigate or adjudicate his discrimination charges). Conclusory allegations that administrative agencies conspired with private employers to thwart a discrimination complaint, like the ones in Jackson's complaint, also fail to set out a cognizable cause of action. *Milhous v. EEOC*, No. 97-5242, 1998 U.S. App. LEXIS 6042 (6th Cir. Mar. 24, 1998). Jackson has failed to state a claim on which relief may be granted against the EEOC.

7

## IV. Conclusion

Consistent with this Memorandum Opinion, the Court will enter a separate Order dismissing Jackson's claims against Defendants for failure to state a claim and as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).

Date:

cc: Plaintiff, *pro se*
4411.008